# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

––––––––––––––––––––––––

№ 24-CV-4509 (RER) (MMH)

––––––––––––––––––––––––

REGINA ZOLTOWSKI AND JOSEPH ZOLTOWSKI

VERSUS

HOME DEPOT U.S.A., INC.

––––––––––––––––––

**MEMORANDUM & ORDER**

––––––––––––––––––

**RAMÓN E. REYES, JR., District Judge:**

Plaintiffs Regina and Joseph Zoltowski ("Plaintiffs" or "Zoltowskis") bring this civil action against Home Depot U.S.A., Inc. ("Defendant" or "Home Depot") to recover for injuries sustained when, due to Defendant's negligence, Mrs. Zoltowski fell at Defendant's Staten Island store. (ECF No. 1-2 ("Compl.") ¶¶17–20). Plaintiffs seek $1.5 million in total damages; Mrs. Zoltowski seeks $1.25 million for physical injuries and Mr. Zoltowski seeks $250,000 for loss of consortium. (ECF No. 1-4). After completing discovery, Defendant moved for summary judgment, arguing that Plaintiffs failed to produce evidence that reasonable inspections would have exposed the condition that led to Mrs. Zoltowski's fall. (ECF No. 32 ("Def.'s Reply") at 5–6).

For the reasons set forth below, the Court grants Defendant's motion for summary judgment.

## BACKGROUND[1]

I.    Factual Background

The factual record in this case is brief, and the facts are not disputed. On February 3, 2024, Mrs. Zoltowski visited Defendant's Staten Island store with her husband and daughter. (Compl. ¶¶ 17–20). As Mrs. Zoltowski walked around the back area of the store, she slipped on a plastic strap on the ground. (*Id.* ¶¶ 19–20). Mrs. Zoltowski suffered a fractured radius and a fracture of the radial head from the fall; and as a result, she has difficulty performing normal daily activities. (ECF No. 31-4 at 7).

Before the fall, Mrs. Zoltowski and her family did not notice any dangerous conditions in the store and their view of the floor was not obstructed at the time of the fall or beforehand. (ECF No. 30-1 ("Def.'s 56.1") ¶¶ 11–22; ECF No. 31-1 ("Pls.' 56.1") ¶¶ 11–22). Plaintiffs were in the back aisle for a minute or less before the fall occurred. (*Id.* ¶ 14; *Id.* ¶ 14). The Zoltowskis did not see a plastic strap on the ground before the fall, and they did not see the strap fall from a shelf or other location. (*Id.* ¶¶ 16–17; 28–29; *Id.* ¶¶ 16–17; 28–29).

Home Depot's Staten Island store does not have an established policy for inspecting the "racetrack" floor area that customers use to walk around the premises. (ECF No. 30-7 ("Imperato Dep.") at 12:10–18). Instead, each employee is expected to look out for items on the floor throughout the day and to clean up as appropriate. (*Id.* at 12:19–13:9).

---

[1] The Court acknowledges and offers its gratitude to Max Baron, a judicial intern and soon to be graduate of Brooklyn Law School, for his assistance in researching and drafting this memorandum and order.

II.    Procedural History

The Zoltowskis filed this action in the Supreme Court of New York, Richmond County, alleging that their injuries "were caused by the negligence, carelessness and recklessness of the defendant . . . in the ownership, operation, maintenance, management and control of" its Staten Island store. (Compl. ¶ 23). On June 26, 2024, Defendant removed the case to this Court. (ECF No. 1). On May 20, 2025, after the completion of discovery, Defendant moved for leave to file a motion for summary judgment. (ECF No. 22). The Court granted Defendant's request. (ECF Entry 5/23/25). After a premotion conference before the Court, the parties filed their bundled motion for summary judgment. (ECF Nos. 29; 30 ("Def.'s Mem."); ECF No. 31 ("Pls.' Opp'n"); Def.'s Reply).

**LEGAL STANDARD**

Summary judgment is proper when the moving party demonstrates that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine dispute of material fact exists if a reasonable jury could find in favor of the nonmoving party. *See Animal Welfare Inst. v. Romero*, 718 F. Supp. 3d 252, 261 (E.D.N.Y. 2024) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)), *aff'd sub nom. Wildlife Preserves, Inc. v. Romero*, No. 24-776-CV, 2025 WL 2423476 (2d Cir. Aug. 22, 2025). Defendant, as the moving party in this action, bears the burden of demonstrating that no genuine issues of material fact remain. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). In instances where the nonmovant bears the ultimate burden at trial, "(1) the

3

movant may point to evidence that negates its opponent's claims or (2) the movant may identify those portions of its opponent's evidence that demonstrate the absence of a genuine issue of material fact." *Salahuddin v. Goord*, 467 F.3d 263, 272 (2d Cir. 2006), *abrogated on other grounds by Kravitz v. Purcell*, 87 F.4th 111, 119, 122 (2d Cir. 2023).[2] "A party cannot defeat a motion for summary judgment with mere speculation and conclusory assertions." *Nguedi v. FRB of N.Y.*, 813 Fed. Appx 616, 617 (2d Cir. 2020); *accord Hicks v. Baines*, 593 F.3d 159, 166 (2d Cir. 2010).

## **DISCUSSION**

Under New York law, to establish liability for negligence a plaintiff must demonstrate "(1) a duty owed by the defendant to the plaintiff, (2) a breach thereof, and (3) injury proximately resulting therefrom." *Solomon v. City of New York*, 66 N.Y.2d 1026, 1027 (1985). Here, the parties do not dispute that as a business owner, Defendant had a duty "to show due care to customers by 'maintain[ing] its premises in a reasonably safe condition.'" *Borley v. United States*, 22 F.4th 75, 78 (2d Cir. 2021) (quoting *Kellman v. 45 Tiemann Assocs.*, 87 N.Y.2d 871, 872 (1995)).

In slip-and-fall cases, "to show a breach of the duty of care . . . plaintiff must offer evidence 'that a defendant either created the dangerous condition or had actual or

---

[2] In opposition, Plaintiffs cite to New York procedural law regarding the burden of defendants in slip-and-fall cases. (Pls.' Opp'n at 4–5). In New York slip-and-fall cases, the burden is on the moving defendant to show that it "neither (1) affirmatively created the hazardous condition nor (2) had actual or constructive notice of the condition and a reasonable time to correct or warn about its existence." *Vinokurova v. Edith & Carl Marks Jewish Cmty. House of Bensonhurst, Inc.*, 212 A.D.3d 751, 751–52 (2d Dept 2023). However, since "the issue of burden of proof at summary judgment is procedural in nature" it is "governed by Federal law" in a diversity case such as this one. *Kirabaran v. Target Corp.*, 720 F.Supp.3d 267, 275 (S.D.N.Y. 2024), *aff'd*, No. 24-715, 2025 WL 973050 (2d Cir. Apr. 1, 2025) (summary order).

constructive notice of the condition and its dangerousness.'" *Kirbaran v. Target Corporation*, 720 F. Supp. 3d 267, 274 (S.D.N.Y. 2024) *aff'd*, No. 24-715, 2025 WL 973050 (2d Cir. Apr. 1, 2025) (summary order) (quoting *Borley*, 22 F.4th at 79).

Plaintiffs proceed solely under the theory that Defendant had constructive notice of a dangerous or defective condition. [3] (Pls.' Opp'n at 14). "To be charged with constructive notice, the condition must have been visible and apparent and must have existed for a sufficient period of time prior to the accident to allow the defendant the opportunity to discover it and take remedial action." *Doona v. OneSource Holdings, Inc.*, 680 F.Supp.2d 394, 401 (E.D.N.Y. 2010) (citing *Manning v. Tracy J's, Inc.*, No. 6 Civ. 956 (DF), 2008 WL 1780048, at *5 (S.D.N.Y. Apr. 17, 2008). "A plaintiff can [] prove constructive notice by showing that the defendant had a duty to conduct reasonable inspections, but failed to do so." *Taylor v. Manheim Marketing Inc.*, No. 15-CV-01950 (PKC) (RER), 2018 WL 611628, at *2 (E.D.N.Y. Jan. 29, 2018) (citing *Young v. Morrison Mgmt. Specialists, Inc.*, No. 14-CV-4261 (RER), 2017 WL 435783, at *4 (E.D.N.Y. Feb. 1, 2017). However, under this failure to inspect theory, a plaintiff must still demonstrate that "a reasonable inspection would have prevented the injury." *Id.* at *4 (citing *Lacey v. Target Corp.*, No. 13-CV-4098 (RML), 2015 WL 2254968, at *6 (E.D.N.Y. May 13, 2015).

Home Depot argues that Plaintiffs' claim must fail because it relies on mere speculation regarding the length of time that the strap was on the floor before Mrs. Zoltowski's fall. (Def.'s Mem. at 17–18; Def.'s Reply at 9). Conversely, the Zoltowskis

---

[3] Plaintiffs have abandoned their previous allegations that Defendant created or had actual notice of the dangerous condition. (Pls.' Opp'n at 14).

argue that the Court should impute constructive notice on Home Depot because a jury could conclude that Defendant's lack of inspection policy was unreasonable. (Pls.' Opp'n at 13). Plaintiffs contend that courts have previously imputed constructive notice under similar circumstances. (*Id.* at 12–17). In reply, Defendant counters that Plaintiffs must come forward with timing evidence to avoid summary judgment. (Def.'s Reply at 9).

The Zoltowskis fail to raise a genuine issue of material fact as to constructive notice. Here, the record does not support a finding that the strap was on the floor long enough to allow Home Depot to discover it. Rather, the evidence before the Court— namely, that the Zoltowskis were in the aisle "not more than a minute" before the fall— indicates that the strap could have been in the aisle for mere seconds or a few minutes. (ECF No. 22-5 ("Regina Zoltowski Dep.") at 35:2–21). Thus, no reasonable jury could conclude that the strap was on the floor for a "sufficient period of time prior to the accident to allow the defendant the opportunity to discover it and take remedial action." *Doona*, 680 F.Supp.2d at 401 (citing *Manning v. Tracy J's, Inc.*, 2008 WL 1780048 at *5).

The Zoltowskis argue this Court previously imputed constructive notice on a defendant despite a dearth of timing evidence because there was a genuine dispute of material fact with respect to the adequacy of defendant's inspections. *See Cruz v. Target Corp.*, No. 14-CV-2728 (RER), 2016 WL 3102018, at *2 (E.D.N.Y. June 2, 2016) (holding that, to survive summary judgment, plaintiff need not present evidence as to the length of time that a hazard was present prior to the accident because a dispute of material fact existed as to the reasonableness of the store's inspection policy). However, as Home Depot argues, *Cruz* reflects a minority position in the Second Circuit. *See Bogery v. United States*, No. 17 Civ. 6996 (VEC), 2018 WL 4265901, at *8 n.9 (S.D.N.Y. Sep. 6,

6

2018) (discussing several cases which held that slip-and-fall plaintiffs must provide "some evidence of timing" in order to survive a defendant's summary judgment motion on a constructive notice theory of negligence).

*Young v. Morrison Management Specialists*, and numerous cases following *Young*, do not follow *Cruz's* minority holding and reflect this Circuit's constructive notice jurisprudence. 2017 WL 435783, at *5. In *Young*, the plaintiff slipped and fell on a greasy substance at her workplace but failed to produce any evidence "of how the hazard was created *or how long it was present* prior to the accident." *Id.* (emphasis added). Based on those facts, this Court held that "[w]ithout evidence regarding when the condition was created, there can be no dispute of material fact as to constructive notice." *Id.* Other cases with similar facts to this one granted summary judgment in favor of the defendant. *See e.g., Boccio v. Costco Wholesale Corp.*, No. 18-CV-4317 (ST), 2023 WL 2477683, at *5 (E.D.N.Y. Mar. 13, 2023) ("The current state of the law in New York is clear that a failure to inspect theory still requires that a plaintiff show that the alleged defect existed for a sufficient period of time that a reasonable inspection could have revealed the defect to the property owner."); *Kirbaran*, 720 F.Supp.3d at 278–79 (holding that plaintiff failed to create a dispute of material fact as to constructive notice even though defendant may have failed to conduct reasonable inspections because plaintiff failed to come forward with evidence that a reasonable inspection would have revealed a hazardous condition); *Cooper v. Wal-Mart Stores, Inc.*, No. 24 Civ. 205 (JCM), 2025 WL 1617071, at *8–9 (S.D.N.Y. June 6, 2025) (holding that plaintiff failed to raise a dispute of material fact as to constructive notice in part because she was unable to provide evidence that a reasonable inspection would have revealed the hazard).

7

Here, the Zoltowskis argue that the Court should impute constructive notice on Home Depot solely because of its failure to maintain an inspection policy. (Pls.' Opp'n At 12–17). However, the reasonability of Defendant's inspections and the timing of the hazardous condition are separate facts, each of which Plaintiffs must ultimately prove at trial. *See Boccio*, 2023 WL 2477683, at *5 (holding that in addition to a failure to inspect, a plaintiff must also show that proper inspection would have revealed the hazardous condition). Although the frequency (or infrequency) of a defendant's inspections may evidence whether a defendant had constructive notice of a hazard, it is a different proposition to argue that a defendant's failure to inspect is enough to establish constructive notice absent any evidence of how long the hazard existed.

Here, Defendant's lack of inspection policy cannot, on its own, show that an improved inspection policy would have prevented Mrs. Zoltowski's injuries absent any evidence as to when the strap first appeared on the racetrack floor. *Young*, 2017 WL 435783, at *5 ("Even accepting [plaintiff's] argument regarding [defendant's] duty to conduct reasonable inspections, absent evidence tending to show that improved inspections would have prevented the accident, this dispute of fact, though material, is hardly genuine."); *Doona*, 680 F.Supp.2d at 405 ("[T]o allow such claims to go forward in the absence of evidence on the length of time that the [hazard] was present on the floor, and how it came to be there in the first instance, would be to blur the distinction between logical inference and mere, unsupported speculation and conjecture.").

In sum, without any evidence as to when the strap first appeared on the floor, it is mere conjecture whether a reasonable inspection would have revealed the strap and prevented Mrs. Zoltowski's injuries. Thus, "there can be no dispute of material fact as to

8

constructive notice," and no reasonable jury could find that Defendant's failure to inspect caused Mrs. Zoltowski's fall. *Young*, 2017 WL 435783, at *5; *accord Boccio*, 2023 WL 2477683, at *5.

## **CONCLUSION**

For the reasons set forth above, the Court grants Defendant's motion for summary judgment. The Clerk of the Court is respectfully requested to enter judgment accordingly and close this case.

SO ORDERED.


        /s/ Ramón E. Reyes, Jr.
RAMÓN E. REYES, JR.
United States District Judge

Dated: March 31, 2026
        Brooklyn, New York

9